**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GEOFFREY LATHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:22-CV-00542-SCJ- |
| ) | LTW |
| THE KROGER CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ORIGINAL ANSWER TO
## PLAINTIFF'S COMPLAINT

COMES NOW Defendant The Kroger Co., ("Kroger"), by and through counsel, and files this its Original Answer to Plaintiff's Complaint ("Plaintiff's Complaint").

## I.  ANSWER

Kroger responds to the allegations of Plaintiff's Complaint as follows:

## INTRODUCTION

1.     Kroger admits Plaintiff asserts claims of gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), but denies that Plaintiff is entitled to any form of relief under the law.

2.      Kroger admits Plaintiff seeks the enumerated damages in this lawsuit, but denies that Plaintiff is entitled to any form of relief under the law.

## JURISDICTION AND VENUE

3.      Kroger admits this Court has federal question jurisdiction over this action.

4.      Kroger admits venue is proper in this Court, but denies the remaining allegations contained in paragraph 4 of the Plaintiff's Complaint.

## THE PARTIES

5.      On information and belief, Kroger admits Plaintiff is a resident of Sugar Hill, Georgia.

6.      Kroger admits it is incorporated under the laws of the State of Ohio, with its principal place of business located at 1014 Vine St., Cincinnati, Ohio 45202.  Kroger admits that at all times relevant to this litigation, it maintained an office located at 2175 Parklake Drive, Atlanta, Georgia 30345.

7.      Kroger admits this Court has federal question jurisdiction over this lawsuit and venue is proper in this judicial district.

8.      Kroger admits it may be served through its registered agent, CSC of Cobb County, Inc., located at 192 Anderson Street S.E., Suite 125 Marietta, Georgia 30060.

9.      Kroger admits it is an employer as defined by Title VII and the ADEA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.      Upon information and belief, Kroger admits Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), but denies that he properly exhausted his administrative remedies or fulfilled the requisite conditions precedent.

11.      Kroger admits the EEOC issued a Letter of Determination, but denies the efficacy of its investigation and conclusions.  Kroger denies each allegation in paragraph 11 of Plaintiff's Complaint not specifically admitted herein.

12.      Kroger is without sufficient information to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint, therefore, they are denied.

## FACTUAL ALLEGATIONS

13.      Kroger denies the allegations in paragraph 13 of Plaintiff's Complaint.

14.      Kroger denies the allegations in paragraph 14 of Plaintiff's Complaint.

15.      Kroger admits Plaintiff was hired on or about August 29, 1980 and his employment ended on or about June 28, 2019.

16.      Kroger admits Plaintiff was approximately 57 years old as of the date of filing this lawsuit.

17.     Kroger admits Plaintiff was hired on or about August 29, 1980.

18.     Kroger admits Plaintiff held various positions during his employment with Kroger, but denies the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Kroger admits that during Plaintiff's employment he held positions as an Assistant Store Manager, Store Manager and Human Resources Manager.

20.     Kroger admits Plaintiff was moved from District/Human Resources Manager to Operations/Special Assignment role on or about March 17, 2019, but denies the remaining allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.     Kroger admits Plaintiff was separated from his employment on or about June 29, 2019.

22.     Kroger admits the allegations contained in paragraph 22 of the Plaintiff's Complaint contain some of the duties of a Human Resources Manager, but denies the remaining allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.     Kroger admits Plaintiff reported to District Manager Latasha Stevens, but denies the remaining allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.     Kroger admits District Manager Latasha Stevens reported to Regional Director David Harrington.

25.     Kroger admits Plaintiff's 2016 performance evaluation included a grade of "Exceeds Expectations," but denies the remaining allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.     Kroger denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.     Kroger denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.     Kroger denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.     Kroger denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.     Kroger denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.     Kroger denies the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.     Kroger denies the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.    Kroger denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.    Kroger denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.    Kroger denies the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.    Kroger is without sufficient information to admit or deny the allegations contained in paragraph 36 of the Plaintiff's Complaint, and, therefore, denies them.

37.    Kroger admits on or about March 14, 2019, Merritt Henderson and Rebecca Clark met with Plaintiff, but denies the remaining allegations contained in paragraph 37 of the Plaintiff's Complaint.

38.    Kroger admits Plaintiff was informed he was being transferred to the Operations/Special Assignment role in preparation for a Store Manager position, but the denies the remaining allegations contained in paragraph 38 of the Plaintiff's Complaint.

39.    Kroger denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.     Kroger denies that there had been no performance discussions with Plaintiff and further denies the remaining allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.     Kroger admits Plaintiff was told the decision had been made to place him in a Store Manager position, but denies the remaining allegations contained in paragraph 41 of the Plaintiff's Complaint.

42.     Kroger admits Henderson told Plaintiff that while he was in the role of Operations/Special Assignment in preparation for a Store Manager position, his compensation would not change and Kroger would look at available stores close to his home for assignment.   Kroger denies the remaining allegations contained in paragraph 42 of the Plaintiff's Complaint.

43.     Kroger admits Henderson told Plaintiff that his compensation would not change while in the Operations/Special Assignment role.   Kroger denies Plaintiff was told his compensation would be "grandfathered" and the remaining allegations contained in paragraph 43 of the Plaintiff's Complaint.

44.     Kroger denies the allegations contained in paragraph 44 of the Plaintiff's Complaint.

45.     Kroger denies the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46.    Kroger admits Plaintiff worked at a store managed by Jim Dixon in Cumming, Georgia while in the Operations/Special Assignment role.  Kroger is without sufficient information to admit or deny the remaining allegations contained in paragraph 46 of the Plaintiff's Complaint and, therefore, denies them.

47.    Kroger denies the allegations contained in paragraph 47 of the Plaintiff's Complaint.

48.    Kroger is without sufficient information to admit or deny the allegations contained in paragraph 48 of the Plaintiff's Complaint and, therefore, denies them.

49.    Kroger admits Nelson was reassigned and David Harrington became District Manager of District M, but Kroger denies David Harrington was demoted and further denies the remaining allegations contained in paragraph 49 of the Plaintiff's Complaint.

50.    Kroger denies the allegations contained in paragraph 50 of the Plaintiff's Complaint.

51.    Kroger denies the allegations contained in paragraph 51 of the Plaintiff's Complaint.

52.    Kroger denies the allegations contained in paragraph 52 of the Plaintiff's Complaint.

53.     Kroger admits that during a meeting with Merritt Henderson on May 20, 2019, there was a discussion about the district in which Plaintiff wanted to work, and, in response, Plaintiff stated he was "done."   Kroger denies the remaining allegations contained in paragraph 53 of the Plaintiff's Complaint.

54.     Kroger admits Plaintiff applied for a Store Manager position, but is without sufficient information to admit or deny the allegations contained in paragraph 54 of the Plaintiff's Complaint and, therefore, denies them.

55.     Kroger is without sufficient information to admit or deny the allegations contained in paragraph 55 of the Plaintiff's Complaint and, therefore, denies them.

56.     Kroger admits Plaintiff interviewed for a Store Manager position and was not selected for that particular store, but denies the remaining allegations contained in paragraph 56 of the Plaintiff's Complaint.

57.     Kroger admit an email was sent by John Branch on May 17, 2019, but denies the characterization of the email.   Kroger denies the remaining allegations contained in paragraph 57 of the Plaintiff's Complaint.

58.     Kroger admits the allegations contained in paragraph 58 of the Plaintiff's Complaint.

59.     Kroger admits that Henderson verified Plaintiff was not moved to an Assistant Store Manager and there were no plans to do so. Specifically, Henderson told Plaintiff "I spoke to Harrington and you are not an ASM. He wants you to hands on learn the inventory process as it is a crucial part of shrink prevention." Kroger denies the remaining allegations contained in paragraph 59 of the Plaintiff's Complaint.

60.     Kroger denies the allegations contained in paragraph 60 of the Plaintiff's Complaint.

61.     Kroger admits Plaintiff met with Merritt Henderson on or about May 20, 2019 and expressed frustration, but denies the remaining allegations contained in paragraph 61 of the Plaintiff's Complaint.

62.     Kroger admits the allegations contained in paragraph 62 of the Plaintiff's Complaint.

63.     Kroger denies the allegations contained in paragraph 63 of the Plaintiff's Complaint.

64.     Kroger admits a severance package was presented to Plaintiff, at his request, on May 23, 2019 in a meeting with Merritt Henderson and Rebecca Clark.

65.     Kroger admits Henderson told Plaintiff he had four options: 1) decide to take the package; 2) think about the package and continue to work through the

21 day consideration period; 3) use earned PTO through the 21 day consideration period; or 4) decline the package and continue to work while Kroger found Plaintiff a Store Manager assignment. Henderson then asked Plaintiff to get back to her the next week about his decision. Kroger denies the remaining allegations contained in paragraph 65 of the Plaintiff's Complaint.

66.    Kroger denies the allegations contained in paragraph 66 of the Plaintiff's Complaint.

67.    Kroger admits Plaintiff's attorney sent a demand letter on or about June 5, 2019, but denies the remaining allegations contained in paragraph 67 of the Plaintiff's Complaint.

68.    Kroger admits Plaintiff's attorney sent a demand letter on or about June 5, 2019, but denies the remaining allegations contained in paragraph 68 of the Plaintiff's Complaint.

69.    Kroger admits Plaintiff's attorney sent a demand letter on or about June 5, 2019, but denies the remaining allegations contained in paragraph 69 of the Plaintiff's Complaint.

70.    Kroger admits it did not respond to the demand letter from Plaintiff's attorney dated June 5, 2019, but denies the remaining allegations contained in paragraph 70 of the Plaintiff's Complaint.

71.     Kroger admits Plaintiff's attorney sent an email on June 13, 2019 and paragraph 71 quotes portions of that correspondence, but denies the remaining allegations contained in paragraph 71 of the Plaintiff's Complaint.

72.     Kroger admits it did not respond to the demand letters from Plaintiff's attorney, but denies the remaining allegations contained in paragraph 72 of the Plaintiff's Complaint.

73.     Kroger admits Plaintiff's 21-day consideration period expired on June 13, 2019, and he was separated 15 days later on June 28, 2019 for job abandonment. Kroger denies Henderson told Plaintiff he could use PTO beyond the 21-day consideration period and the remaining allegations contained in paragraph 73 of the Plaintiff's Complaint.

74.     Kroger denies the allegations contained in paragraph 74 of the Plaintiff's Complaint.

75.     Kroger admits it sent Plaintiff a Separation Notice and a check for unused paid time off, but denies the remaining allegations contained in paragraph 75 of the Plaintiff's Complaint.

76.     Kroger denies the allegations contained in paragraph 76 of the Plaintiff's Complaint.

77.     Kroger admits Melissa Singletary assumed a role as District/Human Resources Manager on or about April 7, 2019, but denies that Ms. Singletary replaced Plaintiff and further denies the remaining allegations contained in paragraph 77 the Plaintiff's Complaint.

## COUNT I
**Age Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.***

78.     Kroger incorporates by reference all preceding paragraphs of its Answer to Plaintiff's Complaint.

79.     Kroger admits the allegations contained in paragraph 79 of the Plaintiff's Complaint.

80.     Kroger admits the allegations contained in paragraph 80 of the Plaintiff's Complaint.

81.     Kroger admits the allegations contained in paragraph 81 of the Plaintiff's Complaint.

82.     Kroger denies the allegations contained in paragraph 82 of the Plaintiff's Complaint.

83.     Kroger denies the allegations contained in paragraph 83 of the Plaintiff's Complaint.

84.     Kroger denies the allegations contained in paragraph 84 of the Plaintiff's Complaint.

85.     Kroger denies the allegations contained in paragraph 85 of the Plaintiff's Complaint.

86.     Kroger denies the allegations contained in paragraph 86 of the Plaintiff's Complaint.

87.     Kroger denies the allegations contained in paragraph 87 of the Plaintiff's Complaint.

<u>**COUNT II**</u>
**Retaliation in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.***

88.     Kroger incorporates by reference all preceding paragraphs of its Answer to Plaintiff's Complaint.

89.     Kroger denies the allegations contained in paragraph 89 of the Plaintiff's Complaint.

90.     Kroger denies the allegations contained in paragraph 90 of the Plaintiff's Complaint.

91.     Kroger denies the allegations contained in paragraph 91 of the Plaintiff's Complaint.

92.     Kroger denies the allegations contained in paragraph 92 of the Plaintiff's Complaint.

93.     Kroger denies the allegations contained in paragraph 93 of the Plaintiff's Complaint.

94.     Kroger denies the allegations contained in paragraph 94 of the Plaintiff's Complaint.

95.     Kroger denies the allegations contained in paragraph 95 of the Plaintiff's Complaint.

## <u>COUNT III</u>
**Gender Discrimination in Violation of the Civil Rights Act of 1964, amended, 42 U.S.C. §2000e *et seq.***

96.     Kroger incorporates by reference all preceding paragraphs of its Answer to Plaintiff's Complaint.

97.     On information and belief, Kroger admits Plaintiff is a male.

98.     Kroger admits the allegations contained in paragraph 98 of the Plaintiff's Complaint.

99.     Kroger admits the allegations contained in paragraph 99 of the Plaintiff's Complaint.

100.   Kroger denies the allegations contained in paragraph 100 of the Plaintiff's Complaint.

101. Kroger denies the allegations contained in paragraph 101 of the Plaintiff's Complaint.

102. Kroger denies the allegations contained in paragraph 102 of the Plaintiff's Complaint.

103. Kroger denies the allegations contained in paragraph 103 of the Plaintiff's Complaint.

104. Kroger denies the allegations contained in paragraph 104 of the Plaintiff's Complaint.

105. Kroger denies the allegations contained in paragraph 105 of the Plaintiff's Complaint.

106. Kroger denies the allegations contained in paragraph 106 of the Plaintiff's Complaint.

Kroger denies each and every allegation not specially admitted herein. Kroger denies that Plaintiff is entitled to any relief or damages on any of the claims asserted in this case, including the relief and/or damages outlined in sections (a) through (i) of the prayer for relief.

## II. AFFIRMATIVE DEFENSES

Kroger hereby sets forth below its affirmative defenses to Plaintiff's Complaint, and each and every cause of action or claim alleged therein, without

assuming or undertaking any burden or burdens of proof not otherwise assigned to it by law.

## First Defense

Kroger affirmatively pleads that Plaintiff's Complaint should be dismissed to the extent its allegations fail to state a claim or cause of action upon which relief can be granted.

## Second Defense

Kroger affirmatively pleads that Plaintiff's claims are barred, in whole or in part, as a result of his failure to exhaust applicable administrative remedies and administrative conditions precedent or pre-requisites.

## Third Defense

Kroger affirmatively pleads that Plaintiff's claims are barred by the applicable statute of limitations.

## Fourth Defense

Kroger affirmatively pleads that Plaintiff's Complaint is barred, in whole or in part, to the extent it exceeds the scope of Plaintiff's underlying charge filed with the U.S. Equal Employment Opportunity Commission.

## Fifth Defense

Kroger states that at all times pertinent to this case Defendant maintained and enforced a nondiscrimination and anti-retaliation policy.  Kroger has at all

times acted in good faith in their dealings with Plaintiff, made good faith efforts to ensure that Plaintiff was not discriminated against based on any illegal or impermissible factor, and have not intentionally or willfully discriminated or retaliated against Plaintiff or breached any duty they may have had toward Plaintiff in violation of any federal or state statute or common law principle and, therefore, are not liable for injunctive, declaratory, compensatory or punitive damages or prejudgment interest, attorney's fees, expert witness fees, costs or expenses whatsoever.

### Sixth Defense

Kroger affirmatively pleads Plaintiff's claims for damages should be denied, in whole or in part, to the extent he has failed to mitigate his damages and, further, that any interim earnings or amounts earnable with due diligence by Plaintiff reduces any entitlement to back pay.

### Seventh Defense

Kroger affirmatively pleads that it made a good faith effort to comply with the law, and, thus, is not liable for any alleged intentional, malicious, or gross negligent acts of its agents or employees.

**Eighth Defense**

If it prevails in this lawsuit, Kroger requests that it be awarded reasonable attorneys' fees and costs.

**Ninth Defense**

Defendant asserts that neither Plaintiff's protected status nor activity was a factor that prompted Defendant's employment decisions with respect to Plaintiff and that Defendant had legitimate, non-discriminatory reasons for its employment decisions, which Plaintiff cannot show were a pretext for unlawful discrimination or retaliation.

**Tenth Defense**

Kroger affirmatively pleads that it is not liable for damages, including punitive or exemplary damages, because any alleged unlawful actions in this case were contrary to Kroger's employment policies and its good faith efforts to comply with the law.

**Eleventh Defense**

To the extent Plaintiff asserts that discrimination or retaliation were the reason for any employment decision(s) at issue in his Complaint, Kroger affirmatively states that it would have made the same decision(s) and taken the same action(s) regardless of any alleged unlawful motive.

## Twelfth Defense

Kroger affirmatively pleads that Plaintiffs' claims for compensatory and punitive damages are subject to the applicable federal statutory caps.

## Thirteenth Defense

Kroger affirmatively pleads Plaintiff's claims are barred, in whole or in part, because Kroger exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior. Kroger maintains Plaintiff failed to avail himself of the preventative and corrective measures provided.

## Fourteenth Defense

Kroger affirmatively pleads that Plaintiff's claims or damages may be barred, in whole or in part, by the doctrine of after-acquired evidence, as evidence acquired subsequent to his separation of employment constitutes a legitimate reason for any adverse employment action.

## Fifteenth Defense

Kroger denies that Plaintiff suffered any physical pain, mental anguish and emotional distress whatsoever as a result of actions taken by Kroger, and any physical pain, mental anguish and emotional distress suffered by Plaintiff is attributable to causes independent of Kroger's actions.

**Sixteenth Defense**

Kroger affirmatively pleads that it is entitled to an offset for any payments made as reimbursement for lost wages to Plaintiff.

## RESERVATION OF DEFENSES

In addition to the foregoing affirmative defenses, Plaintiff's claims may be subject to one or more of the remaining affirmative defenses provided in 8(c) of the Federal Rules of Civil Procedure.   Kroger hereby affirmatively reserves the right to add such defenses to Plaintiff's claims upon completion of discovery.

## III.  CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated herein, Kroger respectfully requests that Plaintiff's Complaint be dismissed with prejudice in its entirety, that Plaintiff take nothing in this lawsuit, and that Kroger be awarded whatever relief to which it may show itself justly entitled, including, but not limited to, the recovery of attorney's fees and costs for the defense of this litigation.

Respectfully submitted, this 25th day of March 2022.

*/s/ Aaron Holt* _____

Danielle C. Le Jeune
Georgia Bar No. 134222
COZEN O'CONNOR
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:  404-572-2050
Facsimile:    404-287-0265
Email:  dlejeune@cozen.com

David L. Barron (*Pro hac vice*)
Aaron Holt (*Pro hac vice*)
COZEN O'CONNOR
1221 McKinney Street, Suite 2900
Houston, TX  77010
Telephone:  (713) 750-3132
Facsimile:    (832) 214-3905
dbarron@cozen.com
aholt@cozen.com

*Counsel for The Kroger Co.*

CERTIFICATION:  The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1.5 inch top margin in accordance with LR 5.1B, N.D.Ga.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GEOFFREY LATHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:22-CV-00542-SCJ-LTW |
| | ) | |
| THE KROGER CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I electronically filed the foregoing

***DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT*** with

the Clerk of Court using the CM/ECF system, which will automatically send

electronic notification of such filing to the following:

> Jackie Lee
> Lee Law Firm, LLC
> 1100 Peachtree Street NE, Suite 250
> Atlanta, Georgia 30309
> jackie@leelawga.com

> */s/ Aaron Holt*
> Aaron Holt

23